David J. Kaminski (SBN 128509)
KaminskiD@cmtlaw.com
Michal P. Lavigne (SBN 216538)
LavigneM@cmtlaw.com
CARLSON & MESSER LLP
5901 W. Century Blvd., Suite 1200
Los Angeles, CA 90045
Telephone 310.242.2200
Fax 310.242.2222

Attorneys for Defendant
MERCHANTS CREDIT CORPORATION d/b/a
MERCHANTS CREDIT ASSOCIATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAIM WOLMARK,<br><br>   Plaintiff,<br><br>   vs.<br><br>MERCHANTS CREDIT CORPORATION d/b/a MERCHANTS CREDIT ASSOCIATION and DOES 1-10, inclusive,<br><br>   Defendants. | CASE NO.: 2:23-cv-7126 SVW-RAO<br><br>**DEFENDANT MERCHANTS CREDIT CORPORATION d/b/a MERCHANTS CREDIT ASSOCIATION'S ANSWER TO COMPLAINT** |

Defendant MERCHANTS CREDIT CORPORATION D/B/A MERCHANTS CREDIT ASSOCIATION ("Defendant" or "MCA") hereby answers the Complaint of CHAIM WOLMARK ("Plaintiff") by admitting, denying, and alleging as follows:

//

# I. INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits Plaintiff brings this action under the Rosenthal Fair Debt Collection Practice Act ("RFDCPA"), Cal. Civ. Code § 1788-1788.32, the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1, et seq., and California Business & Professions Code §§ 17200, et seq. However, Defendant denies violating the RFDCPA, FDCPA, CCRAA or UCL.

# II. PARTIES

2. Answering Paragraph 2 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegation contained therein.

3. Answering Paragraph 3 of the Complaint, Defendant admits that at times it engages in the business of debt collection. Defendant also admits that it is headquartered in Redmond, Washington. However, Defendant denies any liability and any remaining allegations contained therein.

# III. JURISDICTION

4. Answering Paragraph 4 of the Complaint, said paragraph contains legal conclusions and arguments as to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and, on that basis, denies such allegations. Defendant does not challenge personal jurisdiction in California with respect to the claims in this action only.

# IV. FACTUAL BACKGROUND

5. Answering Paragraph 5 of the Complaint, Defendant repeats and realleges the responses to each and every allegation set forth above in paragraphs 1-4.

6. Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff allegedly incurred a debt.

7. Answering Paragraph 7 of the Complaint, Defendant admits that a debt of Plaintiff was referred or assigned to it for collection.

8. Answering Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegation contained therein and, on that basis, denies same.

9. Answering Paragraph 9 of the Complaint, denies the allegations contained therein

10. Answering Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegation contained therein and, on that basis, denies same.

11. Answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegation contained therein and, on that basis, denies same.

12. Answering Paragraph 12 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegation contained therein and, on that basis, denies same.

13. Answering Paragraph 13 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegation contained therein and, on that basis, denies same.

14. Answering Paragraph 14 of the Complaint, Defendant denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. Answering Paragraph 17 and subparagraphs (a) through (c) of the Complaint, Defendant denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

## V.  FIRST CLAIM FOR RELIEF

22. Answering Paragraph 22 of the Complaint, Defendant repeats and realleges the response to paragraphs 1-22 above as if fully set forth herein.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24. Answering Paragraph 24 of the Complaint, Defendant denies the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

26. Answering Paragraph 26 and subparagraphs (a) through (c) of the Complaint, Defendant denies the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant denies the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

## VI.  SECOND CLAIM FOR RELIEF

29. Answering Paragraph 29 of the Complaint, Defendant repeats and realleges the response to paragraphs 1-28 above as if fully set forth herein.

30. Answering Paragraph 30 of the Complaint, the paragraph contains no affirmative allegations against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31. Answering Paragraph 31 of the Complaint and subparagraphs (a) through (d) thereof, Defendant denies that it violated the Rosenthal Act and denies generally and specifically each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, Defendant denies that it violated the Rosenthal Act and denies that Plaintiff incurred or is entitled to recover any of the alleged damages. Defendant denies generally and specifically all the remaining allegations in Paragraph 32.

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

## VII.  THIRD CLAIM FOR RELIEF

35. Answering Paragraph 35 of the Complaint, Defendant repeats and realleges the response to paragraphs 1-34 above as if fully set forth herein.

36. Paragraph 36 of the Complaint constitutes a legal conclusion.  If a response is deemed to be required, Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant denies the allegations contained therein.

38. Answering Paragraph 38 of the Complaint, Defendant denies the allegations contained therein.

## VII. FOURTH CLAIM FOR RELIEF

39. Answering Paragraph 39 of the Complaint, Defendant repeats and realleges the response to paragraphs 1-38 above as if fully set forth herein.

40. Answering Paragraph 40 of the Complaint, the paragraph contains no affirmative allegations against Defendant and, therefore, does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

41. Answering Paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

42. Answering Paragraph 42 of the Complaint, Defendant denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, Defendant denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Defendant denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, Defendant denies the allegations contained therein.

Answering Plaintiff's unnumbered Prayer for relief, Defendant denies Plaintiff is entitled to the relief requested in subparts (a) through (f).

## PLAINTIFF'S JURY DEMAND

Defendant admits Plaintiff demands a Jury Trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

3. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

### FOURTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

4. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional, and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

5.  Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Actions Were Privileged and Justified)

6.  As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

7.  As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

8.  Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose.  Further, Defendant acted in

good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant. Accordingly, Plaintiff are barred from any recovery in this action.

### NINTH AFFIRMATIVE DEFENSE
### (Offset)

9. Any damages that Plaintiff may recover against Defendant in this Action must be offset against all amounts owed to Defendant.

### TENTH AFFIRMATIVE DEFENSE
### (No Damages)

10. As a separate, affirmative defense, Defendant asserts that Plaintiff suffered no actual damages.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

11. As a separate, affirmative defense, Defendant asserts it substantially complied with the requirements of the statutes at issue.

### TWELFTH AFFIRMATIVE DEFENSE
### (No standing)

12. As a separate, affirmative defense, Defendant asserts that Plaintiff lacks standing to assert the claims contained in her lawsuit.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Maintained Reasonable Procedure)

13. As a separate affirmative defense, Defendant asserts that it maintained reasonable procedures.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Damages are Limited)

14. As a separate affirmative defense, Defendant asserts that is Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by the FDCPA and RFDCPA.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Dispute)

15. As a separate, affirmative defense, Defendant alleges Plaintiff failed to report a dispute to a credit reporting agency and/or Defendant did not receive notice from a credit reporting agency of Plaintiff's dispute that would give rise to a furnisher's

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Ambiguous Dispute)

16. As a separate, affirmative defense, Plaintiff's dispute was ambiguous with respect to the dispute at issue and what Defendant must investigate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Investigation)

17. As a separate, affirmative defense, Defendant alleges that it conducted a reasonable investigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Accuracy)

18. As a separate, affirmative defense, Defendant alleges that the information reported to the credit reporting agencies was accurate.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Strict Liability)

19. As a separate, affirmative defense, Defendant alleges that the FCRA is not a strict liability statute, and as such, Plaintiff cannot prove that Defendant's actions were negligent or willful as set forth in the statute. 15 U.S.C. §§ 1681o and 1681n.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant denies every request in Plaintiff's prayer, and prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

## JURY TRIAL DEMAND

Defendant demands a trial by Jury.

**CARLSON & MESSER LLP**

DATED: November 3, 2023    By: /s/ Michael P. Lavigne
　　　　　　　　　　　　　　David J. Kaminski
　　　　　　　　　　　　　　Michael P. Lavigne
　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　MERCHANTS CREDIT CORPORATION
　　　　　　　　　　　d/b/a MERCHANTS CREDIT ASSOCIATION

## CERTIFICATE OF SERVICE

I, Michael P. Lavigne, hereby certify that on November 3, 2023, a true and correct copy of the foregoing document entitled **DEFENDANT MERCHANTS CREDIT CORPORATION d/b/a MERCHANTS CREDIT ASSOCIATION'S ANSWER TO COMPLAINT** was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

Dated: November 3, 2023              **CARLSON & MESSER LLP**

                                     By: /s/ Michael P. Lavigne
                                          Michael P. Lavigne

{00196559;1}                    12

ANSWER TO COMPLAINT